UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SKYCORP LTD,<br><br>        Plaintiff,<br><br>vs.<br><br>KING COUNTY, a municipal subdivision of State of Washington,<br><br>        Defendant. | Case No.:<br><br><br><br>**COMPLAINT** |

Comes now, Richard M. Stephens and Stephens & Klinge LLP, Attorneys at Law, on behalf of Plaintiff SkyCorp Ltd. hereinafter "Plaintiff" or "SkyCorp" and alleges as follows:

### INTRODUCTION

1. King County asserts that it can control and prohibit the disposal of construction and demolition debris beyond King County's jurisdictional borders. Yet, King County has no authority to regulate activities in other counties or other states. Its decision to do so violates the interstate commerce clause and

COMPLAINT - 1

due process clause of the federal constitution, the state constitutional limits on local governmental authority to regulate within their local jurisdiction and the privileges and immunities clause of the Washington constitution. SkyCorp seeks declaratory and injunctive relief that King County cannot exercise its regulatory power beyond its territorial limits.

## JURISDICTION AND VENUE

2. This action arises under the dormant Commerce Clause of Article I, Section 8, clause 3 of the United States Constitution and 42 U.S.C. § 1983 in relation to Defendant's deprivation of Plaintiff's constitutional rights. Accordingly, this Court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over the claims asserting violations of the Washington Constitution pursuant to 28 U.S.C. § 1367(a). This Court has authority to award the requested declaratory relief pursuant to 28 U.S.C. § 2201; the requested injunctive relief pursuant to 28 U.S.C. § 1343(a); and attorney's fees.

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(1) and (2), because Defendant King County is located within this district and a substantial part of the events giving rise to Plaintiff's claims occurred in this district.

STEPHENS & KLINGE LLP
601 – 108TH Avenue NE, Suite 1900
Bellevue, WA 98004
425-453-6206

## PARTIES

4. Plaintiff SkyCorp at all relevant times, is and was a Washington corporation organized and authorized to do business and doing business in the State of Washington.

5. Defendant King County is a municipal subdivision of the State of Washington.

## STANDING

6. Plaintiff challenges King County Code Sections 10.08.020 and 10.30.020 in this action. On July 24, 2020, Plaintiff was cited with violating these code sections and assessed a fine. The citation was affirmed by the King County Hearing Examiner on September 18, 2020.

7. Plaintiff has standing to bring its claims since it is aggrieved by the enforcement of this ordinance in the issuance of this citation and imposition of the fine.

## FACTUAL ALLEGATIONS

8. SkyCorp is in the business of demolishing buildings and removing construction and demolition debris. As part of its business, it has entered into contracts to demolish and remove debris from locations within King County.

9. King County Code Section 10.08.020 establishes a system of disposal of all solid waste either generated, collected or disposed in unincorporated King County or generated or collected, or both, in any other jurisdictions with which a

COMPLAINT - 3

STEPHENS & KLINGE LLP
601 – 108TH Avenue NE, Suite 1900
Bellevue, WA 98004
425-453-6206

solid waste interlocal agreement exists. King County Code Section 10.08.030A provides:

> All generators, handlers and collectors of mixed and nonrecyclable C&D waste generated within the county's jurisdiction shall deliver, or ensure delivery to, a designated C&D receiving facility specified by the division director, except as permitted by subsections C. and E. of this section.

C &D waste is construction and demolition debris.

10. SkyCorp is informed and believes that King County has approved only four private landfills for depositing construction and demolition debris.

11. SkyCorp is informed and believes that because of King County's approval of these sites for depositing construction and demolition debris, King County receives a financial kickback from the owners or operators of these sites based on the tonnage of debris deposited that originated from within the territorial limits of King County.

12. SkyCorp has taken construction and demolition debris from sites within the territorial limits of King County to deposit sites that are not approved by King County pursuant to KCC Section 10.08.030A.

13. On July 24, 2020, SkyCorp received a citation from King County Division of Solid Waste for violation of KCC Section 10.08.030 because SkyCorp took construction and demolition waste from a site within the territorial borders of King County to a site in Naches, Washington, which is fully licensed by the State Department of Ecology and Yakima County.

14. On other occasions, SkyCorp has taken construction and demolition waste from sites within the territorial borders of King County to sites in Oregon that are fully licensed or permitted under Oregon law. Because of the increased cost in depositing construction and demolition waste at the sites approved by King County, it is less financially burdensome for SkyCorp to transport and deposit construction and demolition waste in Oregon or any other location in Washington.

15. On September 18, 2020, the King County Hearing Examiner affirmed the citation of SkyCorp imposing a $100 fine in the order attached hereto as Appendix A.

## FIRST CLAIM FOR RELIEF

**Violation of the dormant Commerce Clause of the United States Constitution**

16. Plaintiff incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

17. The Commerce Clause, Art. I, § 8, clause 3 of the United States Constitution, provides: "The Congress shall have Power . . . To regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes."

18. The grant of power to Congress in the Commerce Clause implies that states cannot burden the flow of articles of interstate commerce, which is sometimes referred to as the negative or dormant Commerce Clause.

COMPLAINT - 5

19. The negative or dormant Commerce Clause does not only restrict states, but also applies to cities and counties, such as Defendant King County.

20. In applying the King County Code to Plaintiff, the County has acted under color of statute, ordinance, regulation and policy of the county. The County's conduct has deprived Plaintiffs of the rights, privileges, and immunities secured by the United States Constitution and/or laws of the United States to which Plaintiff is and was legitimately entitled.

21. Plaintiff has no adequate remedy at law to prevent or redress the irreparable injuries alleged herein.

22. Unless King County is enjoined and restrained from enforcing or threatening to enforce King County Code Sections 10.08.020 and 10.30.020. Plaintiff will be irreparably injured. Plaintiff will be deprived of rights guaranteed under the United States Constitution, and will continue to suffer substantial loss.

23. King County is a person for purposes of 42 U.S.C. § 1983.

24. King County's actions challenged herein were undertaken under color of state law.

25. The County's conduct has required Plaintiff to incur attorneys' fees and costs of suit to bring this action, and Plaintiff is entitled to attorneys' fees and costs under 42 U.S.C. § 1983 *et seq*. and 42 U.S.C. § 1988(b).

## SECOND CLAIM FOR RELIEF

## Violation of the Due Process Clause of the Fourteenth Amendment

26. Plaintiff incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

27. The Due Process Clause of the Fourteenth Amendment to the United States Constitutions stands as an additional constitutional hurdle to King County Code Sections 10.08.020 and 10.30.020. The Due Process Clause "provides heightened protection against government interference with certain fundamental rights and liberty interests," including the "specific freedoms protected by the Bill of Rights" and "those fundamental rights and liberties which are, objectively, 'deeply rooted in this Nation's history and tradition,'" such as property rights. *Washington v. Glucksberg,* 521 U.S. 702, 720-721 (1997) (quoting *Moore V. E. Cleveland,* 431 U.S. 494, 502 (1977)). Thus, while the "police power" of the government may be broad, it "must be exercised within a limited ambit and is subordinate to constitutional limitations." *Panhandle E. Pipe Line Co. v. St. Highway Comm'n of Kansas,* 294 U.S. 613, 622 (1935).

28. Therefore, "a regulation that fails to serve any legitimate governmental objective may be so arbitrary or irrational that it runs afoul of the Due Process Clause." *Lingle v. Chevron USA,* 544 U.S. 528 (2005); *Rea v. Matteucci*, 121 F.3d 483, 485 (9th Cir. 1997) (under Due Process Clause a "federal interest remains

STEPHENS & KLINGE LLP
601 – 108TH Avenue NE, Suite 1900
Bellevue, WA 98004
425-453-6206

in protecting the individual citizen from state action that is wholly arbitrary or irrational").

29. King County Code Section 10.30.020 violates Plaintiff's substantive due process rights secured by the Fourteenth Amendment to the U.S. Constitution. Under the Due Process Clause of the Fourteenth Amendment, no State shall "deprive any person of life, liberty, or property, without due process of law." The fundamental liberties protected by this Clause include most of the rights enumerated in the Bill of Rights. *Duncan v. Louisiana*, 391 U.S. 145, 147-149 (1968).

30. Plaintiff is the owner of the debris which it seeks to deposit. King County Code Sections 10.08.020 and 10.30.020 which expressly deprive Plaintiff of its rights and liberties in the transportation and disposition of its property in a manner which fails to advance any legitimate interest of King County to the extent it prohibits disposition of property outside of King County's jurisdictional borders.

31. Plaintiffs were directly and proximately deprived of their property rights absent substantive due process of law, in violation of the Fourteenth Amendment to the United States Constitution.

32. Plaintiffs have no adequate remedy at law and will suffer continued serious and irreparable harm to their constitutional rights unless the Defendant is enjoined from enforcing King County Code Sections 10.08.020 and 10.30.020.

COMPLAINT - 8

33. Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiffs are entitled to declaratory relief and injunctive relief invalidating and restraining enforcement of these sections of the King County Code.

34. Plaintiffs find it necessary to engage the services of private counsel to vindicate its rights under the law. Plaintiffs are therefore entitled to an award of attorney's fees pursuant to 42 U.S.C. § 1988.

## THIRD CLAIM FOR RELIEF

### Violation of Article XI, Section 11 of the Washington Constitution

35. Plaintiff incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

36. The Court has supplemental jurisdiction over this claim pursuant to 28 U.S.C. § 1367.

37. Plaintiff seeks declaratory relief under the Uniform Declaratory Judgments Act, RCW 7.24.010, on the basis that King County Code Section 10.30.020 violates Article XI, Section 11 of the Washington Constitution.

38. Article XI, Section 11 of the Washington Constitution provides: "Any county, city, town or township may make and enforce within its limits all such local police, sanitary and other regulations as are not in conflict with general laws."

39. An inherent limitation on the County's exercise of police powers is that the subject matter must be local and that the regulation must be reasonable and

COMPLAINT - 9

not conflict with general laws. *Lenci v. City of Seattle*, 388 P.2d 926 (1964). By prohibiting the deposit of waste outside the jurisdictional borders of King County renders its regulation not local and not reasonably calculated to protect the health, safety and welfare of people within King County's jurisdictional borders.

40. King County Code Section 10.30.020 is not a local regulation because it applies to the deposit of material outside King County's territorial borders and King County has enforced that section to the deposit of material outside of its limits.

41. King County Code Section 10.30.020 is also in conflict with general laws because RCW 70A.205.195 allows SkyCorp to deposit waste at any facility approved by the applicable jurisdictional health department, which is the health department where the facility is located. King County Code Section 10.30.030 is preempted because it prohibits what state law allows.

42. Article XI, Section 11 also requires that any local regulations be reasonable. To the extent King County Code Section 10.30.020 prohibits SkyCorp from depositing any material outside of King County's territorial limits, that code section is not reasonable in that it has no relation to the health, safety, or welfare of inhabitants or property owners within King County.

43. Plaintiff seeks a declaratory judgment of rights and obligations under the Washington Uniform Declaratory Judgment Act, Chapter 7.24 RCW and Civil Rule 57 as to the allegations above. An actual dispute exists between Plaintiff and the County whose interests are genuinely opposing in nature. These

disputed interests are direct and substantial. A judicial determination can provide a final and conclusive resolution as to the parties' rights and responsibilities.

## FOURTH CLAIM FOR RELIEF

## Violation of the Privileges and Immunities Clause of Article I, Section 12 of the Washington constitution

44.  Plaintiff incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

45.  The Court has supplemental jurisdiction over this claim pursuant to 28 U.S.C. § 1367.

46. The privileges and immunities clause of article I, section 12 of the Washington State Constitution, provides that "[n]o law shall be passed granting to any citizen, class of citizens, or corporation other than municipal, privileges or immunities which upon the same terms shall not equally belong to all citizens, or corporations."

47. The right to dispose of one's property, although subject to local regulations, is a fundamental right of citizenship as is the right to travel and do business with any lawfully operating business. King County Code Section 10.30.020 denies SkyCorp the privilege of disposing of its property at any location of its choice which is allowed under all governing authorities with jurisdiction over the location. King County Code Section 10.30.020 denies

SkyCorp the right to choose to do business regarding its property with any lawful facility of its choice and only allows citizens who choose one of the County's approved locations to deposit their property at the location of their choice.

48. There is no reasonable ground for denying SkyCorp that privilege of choosing a location outside of King County for the deposit of construction and demolition waste.

49. The County's power to regulate waste has been manipulated to serve private interests at the expense of the common good and is unreasonable.

50. Plaintiff seeks a declaratory judgment of rights and obligations under the Washington Uniform Declaratory Judgment Act, Chapter 7.24 RCW and Civil Rule 57 as to the allegations above. An actual dispute exists between Plaintiff and the County whose interests are genuinely opposing in nature. These disputed interests are direct and substantial. A judicial determination can provide a final and conclusive resolution as to the parties' rights and responsibilities.

## REQUESTED RELIEF

WHEREFORE, Plaintiffs request that this Court:

1. Issue a declaratory judgment that the King County Code Section 10.30.020 is:

a. unconstitutional under the dormant Commerce Clause of the United States Constitution;

   b.  unconstitutional under the Due Process Clause of the Fourteenth Amendment;

   c.  not authorized under King County's police power  and is preempted by state law;

   d. unconstitutional under the privileges and immunities clause of Article I, section 12 of the Washington constitution;

   d. and violates Plaintiff's civil rights under 42 U.S.C. Section 1983, as alleged above and entitling Plaintiff to relief under that statute;

   2. Award Plaintiff its costs and reasonable attorney's fees incurred in this action pursuant to 42 U.S.C. § 1988 and other applicable law; and

   3.  Grant all other such relief to Plaintiffs as the Court may deem proper and just.

   Dated this 5th day of November, 2020

                                            */s/ Richard M. Stephens*
                                            Richard M. Stephens, WSBA 21776

                                            Stephens & Klinge LLP
                                            601 – 108th Avenue NE, Suite 1900
                                            Bellevue, WA  98004
                                            425-453-6206
                                            stephens@sklegal.pro