THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SKYCORP LTD,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>KING COUNTY,<br><br>　　　　　　　Defendant. | CASE NO. C20-1632-JCC<br><br>ORDER |

This matter comes before the Court on King County's motion to dismiss (Dkt. No. 9). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS in part and DENIES in part the motion for the reasons explained herein.

**I.　BACKGROUND**

Plaintiff, who is "in the business of demolishing buildings and removing construction and demolition debris," challenges the validity of a portion of King County's solid waste flow control ordinance—specifically, the provision addressing the disposal of construction and demolition ("C&D") debris. (Dkt. No. 1 at 3.) In general, King County's flow control ordinance mandates that solid waste generated within the unincorporated areas of the county, or any other jurisdiction with a solid waste interlocal agreement with King County, be disposed of at a "facility designated by [King County] to receive the particular waste" unless "the division

1  director has provided written authorization" for disposal to a non "county-designated disposal
2  facility." King County Code (KCC) § 10.08.020. As applied to C&D waste, the ordinance
3  requires that "generators, handlers and collectors of mixed and nonrecyclable C&D waste
4  generated within the county's jurisdiction [] deliver, or ensure delivery to, a designated C&D
5  receiving facility specified by the division director." KCC § 10.30.20. Plaintiff asserts that King
6  County has "approved only four private landfills for depositing [such C&D] debris." (Dkt. No. 1
7  at 4.)

8  In July 2020, the King County Division of solid waste issued a citation to Plaintiff for a
9  violation of the County's ordinance. (*Id.* at 4.) Plaintiff took C&D waste that it generated "within
10 the territorial borders of King County to a site" in Naches, Washington that was not designated
11 by King County to accept such waste. (*Id.*) A King County Hearing Examiner affirmed the
12 County's imposition of a $100 fine for the offense. (*Id.* at 5.)

13 Plaintiff, in challenging the ordinance, filed a complaint with this Court seeking a
14 declaratory judgment invalidating KCC Section 10.30.20 on the basis that it violates the dormant
15 Commerce Clause of the United States Constitution, violates the Due Process Clause of the
16 Fourteenth Amendment, is not authorized under King County's police power, and violates the
17 Privileges and Immunities Clause of Article I, Section 12 of the Washington constitution. (*Id.* at
18 5–13.) King County moves to dismiss under Federal Rule of Civil Procedure 12(b)(6). (Dkt. No.
19 9.)

20 **II.    LEGAL STANDARD**

21 "To survive a motion to dismiss, a complaint must contain sufficient factual matter,
22 accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556
23 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is
24 facially plausible "when the plaintiff pleads factual content that allows the court to draw the
25 reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "A pleading that
26 offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will

not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

## III. DISCUSSION

### A. Dormant Commerce Clause

"The dormant Commerce Clause is a limitation upon the power of the States, which prohibits discrimination against interstate commerce and bars state regulations that unduly burden interstate commerce." *Sam Francis Found. v. Christies, Inc.*, 784 F.3d 1320, 1323 (9th Cir. 2015). To determine whether a law violates the dormant Commerce Clause, courts "first ask whether it discriminates on its face against interstate commerce." *United Haulers Ass'n v. Oneida-Herkimer Solid Waste Mgmt. Auth.*, 550 U.S. 330, 338–39 (2007).

Plaintiff concedes that KCC Section 10.30.20 does not discriminate on its face against interstate commerce. (Dkt. No. 12 at 12.)[1] Instead, it proffers two arguments challenging the validity of the ordinance: (1) Because KCC Section 10.30.20 dictates that extraterritorial disposal facilities otherwise capable of taking C&D waste generated in King County first be approved by a King County solid waste division director before receiving such waste, the ordinance impermissibly regulates extraterritorial conduct and (2) the interstate burden imposed by the ordinance is "excessive in relation to putative local benefits." (*Id.*) For the reasons described below, the Court finds neither argument persuasive.

#### 1. *Regulation of extraterritorial conduct*

As the Ninth Circuit recently indicated, "the relevant question here is whether the ordinance *directly* regulates the interstate or extraterritorial aspect of the . . . business." *Rosenblatt v. City of Santa Monica*, 940 F.3d 439, 445 (9th Cir. 2019) (emphasis added). "'[E]ven when a state law has significant extraterritorial effects, it passes Commerce Clause muster when, as here, those effects result from the regulation of in-state conduct.'" *Id.* (quoting

---

[1] Accordingly, any reliance by Plaintiff on *C & A Carbone, Inc. v. Town of Clarkstown, N.Y.* to support its dormant Commerce Clause argument, is misplaced, as *C & A Carbone, Inc.* addressed a facially discriminatory flow control ordinance. *See* 511 U.S. 383, 389 (1994).

1  *Chinatown Neighborhood Ass'n v. Harris*, 764 F.3d 1136, 1145–46 (9th Cir. 2015)).

2  Plaintiff suggests that *Daniels Sharpsmart, Inc. v. Smith*, 889 F.3d 608 (9th Cir. 2018) is controlling. In *Daniels Sharpsmart*, the Ninth Circuit found that a California regulation requiring the incineration by out-of-state medical waste facilities of waste generated within California violated the dormant Commerce Clause. *Id.* at 615–16. But the case is distinguishable. In *Daniels Sharpsmart*, the state had no in-state medical waste disposal facilities capable of providing the incineration services required by the regulation. *Id.* Therefore, the sole focus of the regulation was, effectively, extraterritorial activity. *Id.* at 612.

Here, all of the approved facilities for C&D waste generated in King County are located *within* Washington, and so is the unapproved site that Plaintiff ultimately disposed of the C&D waste that resulted in the citation at issue in this case. (*See* Dkt. Nos. 1 at 4, 13 at 6.) Moreover, the purpose of the ordinance is to regulate the disposition of C&D waste that is generated *locally*. Therefore, the extraterritorial regulatory impact of KCC Section 10.30.20 is merely incidental to its local regulatory impact. This is insufficient to establish a violation of the dormant Commerce Clause.

2.  *Excessive burden*

If a state law is not facially discriminatory and has no direct extraterritorial regulatory impact, it will still violate the dormant Commerce Clause if its burden on interstate commerce is "clearly excessive in relation to the putative local benefits." *Sullivan v. Oracle Corp.*, 662 F.3d 1265, 1271 (9th Cir. 2011) (quotation marks omitted) (quoting *Pike v. Bruce Church, Inc.*, 397 U.S. 137, 142 (1970)). This balancing requires "sensitive consideration of the weight and nature of the state regulatory concern in light of the extent of the burden imposed on the course of interstate commerce." *Raymond Motor Transp., Inc. v. Rice*, 434 U.S. 429, 441 (1978). Plaintiff argues that KCC Section 10.30.20 "fails to advance a legitimate local interest" or "produce local benefits that outweigh the burden on commerce." (Dkt. No. 12 at 16.) The Court disagrees.

As stated, the purpose of KCC Section 10.30.20 is to assure that "there will be C&D

disposal facilities to serve King County . . . C&D is recycled to the maximum extent feasible . . . and that C&D disposal is subject to King County's strict environmental controls." KCC § 10.30.10. This is a legitimate local interest. *See United Haulers Ass'n*, 550 U.S. at 346–47 (noting that a flow control ordinance that increases recycling "confer[s] significant health and environmental benefits upon the citizens of the [c]ounties" subject to the ordinance).

For Plaintiff to state a claim for relief, then, the complaint must allege facts showing the burdens on interstate commerce from the ordinance "clearly" exceed these local benefits. *Sullivan*, 662 at 1271. Plaintiff's complaint fails to meet this standard. In fact, it contains no specific allegation suggesting how the ordinance burdens interstate commerce. (*See generally* Dkt. No. 1.) Plaintiff's opposition brief is similarly deficient, instead simply alleging a lack of putative benefit, without any supporting facts. (Dkt. No. 12 at 17.) This is insufficient to defeat a motion to dismiss for failure to state a claim.

In addition, the Court finds that leave to amend Plaintiff's complaint would be inappropriate, since any amendment would be futile in this instance. *See Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("Where the legal basis for a cause of action is tenuous, futility supports the refusal to grant leave to amend.").

Accordingly, the Court GRANTS King County's motion to dismiss Plaintiff's dormant Commerce Clause claim without leave to amend.

**B.      Due Process Clause**

The Due Process Clause provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV. The Clause confers both procedural and substantive rights. *United States v. Salerno*, 481 U.S. 739, 746 (1987). Plaintiff asserts that KCC Section 10.30.20 violates its substantive due process rights because it owns[2] the

---

[2] There is some question whether Plaintiff, in fact, owns the waste it seeks to dispose of. While the complaint indicates that "Plaintiff is the owner of the waste it seeks to deposit," it also indicates that "it has entered into contracts to demolish and remove debris from locations within King County." (Dkt. No. 1 at 3, 8.) As Plaintiff explains in its response brief, the demolition

C&D waste at issue and the ordinance irrationally limits how it may dispose of that property. (Dkt. No. 1 at 8.)

A substantive due process violation requires a deprivation of life, liberty, or property in such a way that "shocks the conscience" or "interferes with rights implicit in the concept of ordered liberty." *Salerno*, 481 U.S. at 746. At a minimum, Plaintiff must demonstrate that KCC Section 10.30.20 "serves no legitimate governmental purpose." *N. Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 484 (9th Cir. 2008). While Plaintiff's complaint states as much, (*see* Dkt. No. 1 at 8), to survive a motion to dismiss, it must also provide sufficient facts to support that allegation, *Iqbal*, 556 U.S. at 678. Neither Plaintiff's complaint nor its opposition brief contains such facts. (*See generally* Dkt. Nos. 1, 12.) Nor does the Court expect that Plaintiff could establish such facts through amendment. The legitimate governmental purpose of King County's C&D waste disposal ordinance is clear: to preserve and protect "public health, welfare and safety" through "assur[ing] that there will be C&D disposal facilities to serve King County . . . C&D is recycled to the maximum extent feasible . . . and that C&D disposal is subject to King County's strict environmental controls." *See* KCC §§ 10.04.010, 10.30.10. This is a legitimate government interest that the ordinance's C& D provisions rationally relate to.

Accordingly, the Court GRANTS King County's motion to dismiss Plaintiff's Due Process claim without leave to amend.

C.   **Claims Brought Under State Law**

Because Plaintiff's remaining claims are based on state law, consistent with 28 U.S.C. § 1367(c)(3), the Court exercises its discretion to dismiss them as outside the scope of the Court's supplemental jurisdiction. *See Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1091

---

contracts that it enters into transfer ownership of the structure to Plaintiff prior to demolition. (Dkt. No. 12 at 20.) King County questions whether this is sufficient to establish Plaintiff's ownership of the debris, in light of Washington law suggesting that Plaintiff may be unable to transfer ownership of the waste. (Dkt. No. 13 at 8–9.) Regardless, Plaintiff's complaint fails to establish a violation of substantive due process, irrespective of who owns the waste, as described below.

(9th Cir. 2008) ("In the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.").

## IV. CONCLUSION

For the foregoing reasons, King County's motion to dismiss (Dkt. No. 9) is GRANTED in part and DENIED in part. Plaintiff's First and Second Claims are DISMISSED with prejudice. Plaintiff's Third and Fourth Claims are DISMISSED without prejudice.

DATED this 14th day of January 2021.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE